**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3113
_____

ZHEN FEN LIN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079 301 128)
Immigration Judge:  Honorable Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 8, 2013
Before:  AMBRO, JORDAN and BARRY, Circuit Judges

(Opinion filed: May 20, 2013)
_____

OPINION
_____

PER CURIAM

        Zhen Fen Lin petitions for review of an order of the Board of Immigration

Appeals ("BIA" or "Board") denying her motion to reopen her removal proceedings.  For

the reasons that follow, we will deny the petition for review.

Because the parties are familiar with the background, we will present it here only briefly. Lin is a native and citizen of China who illegally entered the United States in 2000. She applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture based on her claim concerning China's coercive population control laws. In 2003, the Immigration Judge ("IJ") denied all forms of requested relief and ordered Lin's removal to China. In 2004, the BIA affirmed the IJ's decision. In 2006, we denied her petition for review in C.A. No. 04-3954.

In November 2011, Lin filed a motion to reopen her removal proceedings based on evidence of changed country conditions in China since the time of her original hearing. She asserted eligibility for asylum and withholding relief due to her fear of religious persecution in light of her becoming a Christian and in light of the increase in human rights abuses committed against members of unregistered churches in China. Lin also asked the Board to reopen her proceedings sua sponte so she could provide testimony from her husband in support of her claim based on coercive family planning policies.

The BIA denied the motion to reopen, noting that Lin's religious conversion was a change in personal circumstances that did not constitute a change in conditions in China that would overcome the time limitations for filing a motion to reopen. Further, the BIA considered Lin's documentary evidence and concluded that she had not shown a relevant change in conditions in China through the "extremely limited country information submitted." The BIA noted that the 1998 China Profile in the record from the previous proceeding did not show a significant difference "from that described in either the

2

submitted excerpt from the 2010 China U.S. International Freedom Report, or the news articles reporting episodes of religious repression in varying regions of China." The BIA also declined to reopen the proceeding sua sponte.

This petition for review followed. We have jurisdiction pursuant to 8 U.S.C. § 1252 to review the BIA's denial of Lin's motion to reopen, and we apply the abuse of discretion standard to our review. See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Under that standard, Lin must show that the BIA's decision was somehow arbitrary, irrational, or contrary to law. See id. Motions to reopen are reserved for "compelling circumstances." See Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004).

There is no dispute that Lin's motion to reopen was untimely, as it was not filed with the BIA within ninety days of the BIA's 2004 decision. See 8 U.S.C. §§ 1229a(c)(7)(A) & (C)(i); 8 C.F.R. § 1003.2(c)(2). However, the ninety-day requirement does not apply to motions that rely on evidence of "changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. §§ 1229a(c)(7)(C)(ii). Here, Lin would have to show that she is eligible to file a second asylum application in reopened proceedings based on her new Christian faith and on changed country conditions since the time of her first asylum application. See Liu v. Att'y Gen., 555 F.3d 145, 150-51 (3d Cir. 2009) (changed personal circumstances coupled with changed country conditions can support motion to reopen); Filja v. Gonzales, 447 F.3d 241, 252 (3d Cir. 2006) (change in country

3

conditions is measured from time of proceedings before IJ).  We agree with the BIA that Lin did not show that the treatment of Christians in China changed since the time of her asylum hearing.[1]  Indeed, neither the submitted evidence nor her briefs to the BIA and to this Court explain how Christians were treated at the time of Lin's hearing or any change that has occurred.

Because Lin did not meet her burden of showing changed country conditions, the Board did not abuse its discretion when it denied her motion to reopen as untimely.[2]  We therefore will deny the petition for review.

---

[1] The BIA compared the 1998 China Profile report with the evidence Lin submitted.  We note that that the State Department's 2001 Country Reports on Human Rights Practices for China is also in the record.  A comparison between Lin's evidence and that report similarly shows continued problems, rather than a change.  Compare A.R. 342 (2001 report describing crackdowns on unregistered religious groups, and "restrictions . . . intimidation, harassment, and detention" that "varied significantly from region to region") with A.R. 77 (2010 Religious Freedom Report states:  "In some rural areas, unregistered churches held worship services attended by hundreds.  In other areas, local officials punished the same activities by confiscating and destroying property or imprisoning leaders and worshippers.").

[2] To the extent Lin seeks review of the BIA's decision to deny reopening sua sponte, either so that she could apply for asylum on the basis of her new faith, or so that she could submit evidence from her husband regarding her claim concerning China's coercive population policy, we lack jurisdiction.  Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474-75 (3d Cir. 2003).